## Sher v. Byrd, Appellant.

*Negligence—Master and servant—Safe place to work—Scaffolding—Defects—Case for jury.*

In an action by a workman against his employer to recover damages for personal injuries sustained in consequence of the breaking of a rope which suspended the scaffold on which he was working, the case was for the jury and a verdict for the plaintiff will be sustained where there was evidence that the rope had been sent by defendant from his shop for use in erecting the scaffold, that it had been burned at the point where it broke, and had not been properly tested.

Argued Jan. 13, 1915. Appeal, No. 299, Jan. T., 1914, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1913, No. 5160, on verdict for plaintiff in case of Julius Sher v. John Byrd. Before BROWN, C. J., MESTREZAT. STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STAPLES, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,100 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Francis Shunk Brown,* of *Simpson, Brown & Williams,* for appellant.

*E. Clinton Rhoads,* with him *Samuel R. Lazowick* and *William Morgan Montgomery,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, February 15, 1915:

The plaintiff 'sued to recover damages for personal injuries alleged to have been suffered through the failure of his employer to furnish a reasonably safe working appliance, one of the averments in the statement of claim being that the defendant put the plaintiff to work on a scaffold suspended in the air and partially held in place by a defective rope, the unsafe condition of which could have been discovered by a proper inspection. The plaintiff recovered a verdict; the defendant has appealed and complains that the court below erred in not sustaining his motion for judgment non obstante veredicto.

Since the jury rendered a verdict for the plaintiff, it must be assumed they found all disputed facts in his favor; considering the evidence from this standpoint, it appears that the plaintiff was in the employ of the defendant; that the accident happened December 12, 1913; that the plaintiff was put to work by the defendant's foreman on a large scaffold the staging of which was then hanging in the air about 12 feet up; when this staging had been raised to a height of 35 feet one of the ropes which served to hold it in place broke, and it fell precipitating the plaintiff to the ground; the plaintiff helped to fasten the rope to the roof of the building from which the staging was suspended, but he did not otherwise assist in the construction of the scaffold; when he went upon the scaffold, prior to the accident, the staging and all else in connection therewith had been completed; the rope in question came with a lot of material sent to the premises by the defendant from his shop; all the rope thus sent was utilized in erecting the scaffold; the particular piece which broke was burned at "the breaking part"; while the rope was examined before it left the defendant's shop, yet, no appropriate tests were made either before or after it was put to use in the scaffold.

All the material issues in the case were properly sub-

mitted to the jury and found against the defendant. The evidence was sufficient to sustain the allegation of negligence mentioned in the beginning of this opinion; hence it is unnecessary to deal with the other phases of the case discussed by the court below and referred to by counsel in their arguments.

The assignments of error are overruled, and the judgment is affirmed.